**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH R. MANNIE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16 CV 4990 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| HEALTHCARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's *In Forma Pauperis* Application and Financial Affidavit [4] is denied as moot. Plaintiff Kenneth R. Mannie's Motion for Attorney Representation [5] is denied as moot.

## STATEMENT

Pro se Plaintiff Kenneth R. Mannie, Sr. ("Plaintiff") attempts to sue Healthcare Solutions, Times Insurance/Assurant, and State of Illinois Department of Insurance ("Defendants") for a violation of his civil rights under 42 U.S.C. § 1983. For the following reasons, his complaint is dismissed.

The Court must dismiss this case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute under which Plaintiff is suing, the Civil Rights Act, holds government officials liable for violations of citizens' constitutional and federal rights. See 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff filed a form complaint for a violation of his civil rights. In the section that asked Plaintiff to explain how Defendants violated his civil rights, he writes: "The three (3) defendants collaborated to REVOKE license to operate our agency thus putting our organization 'Out of Business.'" Compl. 2. This statement about harm to his "agency" and "organization" presents a major problem for Plaintiff. First, business entities such as corporations, agencies or organizations are "legally incapable of appearing in court unless represented by counsel." Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 858 (7th Cir. 2011). Second, nowhere in the complaint does Plaintiff name the agency or organization that he claims to be affiliated with. Third, Plaintiff does not state how he is affiliated with the unnamed agency or organization. And finally, Plaintiff filed this complaint only on behalf of himself, not naming any agency or

organization. Because of these omissions, Plaintiff's allegation fails to plausibly state a claim for a violation of his civil rights.

Plaintiff also attached copies of his Charge of Discrimination that he filed with the Illinois Department of Human Rights and the EEOC. In the filing, he alleges that he has "been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended." Compl. 6. However, his complaint is void of any allegation even suggesting that racial discrimination occurred. Instead, the complaint sets forth a narrative about how Plaintiff has been charged with a crime for forging checks, the proceedings of which are ongoing, and how he became the victim of retaliation after filing a formal complaint with the Illinois Department of Insurance. Even read as a whole and in a light favorable to Plaintiff, his fragmented allegations amount only to an unintelligible story that does not hold together. There are no factual allegations in his complaint that suggest racial animus. Therefore, the Court finds that Plaintiff's attempt to sue Defendants for an alleged violation of his civil rights is frivolous. Pursuant to the Court's preliminary screening required by 28 U.S.C. § 1915, Plaintiff's complaint must be dismissed.

IT IS SO ORDERED.

ENTER:

_____

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 24, 2016

2